**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Star Tech Solutions LLC, | No. CV-25-01240-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| EverDriven Technologies LLC, | |
| Defendant. | |

The Court has considered Defendant EverDriven Technologies LLC's ("EverDriven") Motion to Compel Arbitration, (Doc. 13), EverDriven's Notice of Errata, (Doc. 18), Plaintiff Star Tech Solutions LLC's ("Star Tech") Opposition to Motion to Compel Arbitration[1] and accompanying exhibits, (Docs. 22 and 26), and EverDriven's Reply, (Doc. 29). EverDriven argues that Star Tech is subject to Judicial Arbitration and Mediation Services ("JAMS") arbitration, pursuant to the parties' contract. (Doc. 13 at 1.) The Motion to Compel is granted and Star Tech's claims against EverDriven are stayed pending the completion of arbitration.

**I.    Factual Background**

Star Tech provides transportation services to school districts in the greater Phoenix metropolitan area that are part of a consortium of districts through a program known as the Greater Phoenix Purchasing Consortium of Schools. (Doc. 1 at 2.) Star Tech claims it is

---

[1] Star Tech requests oral argument on the Motion to Compel Arbitration. (Doc. 26 at 1.) The Court does not deem it necessary to hear further argument on the Motion and will base its ruling solely on the papers. *See* LRCiv 7.2(f) (motions may be decided without oral argument).

a qualified vendor that can submit bids and contracts to the sixty-six school districts within the consortium and currently has contracted to provide transportation services to five school districts in the consortium. (*Id.* at 3.) EverDriven is an entity that operates nationwide and coordinates transportation services for service providers such as Star Tech.

On July 26, 2022, EverDriven and Star Tech entered into a Service Provider Agreement (the "Agreement"). (Doc. 18 at 3 ¶ 6; Doc. 18-1.) Section 13 of the Agreement governs arbitration of disputes between the parties, and subsection (a) sets forth the scope of the agreement to arbitrate:

> Any and all disputes, controversies, or claims between [Star Tech] and EverDriven in any way related to, or arising from this Agreement (including its validity, interpretation, enforceability or breach as well as the enforceability of this Section 13) . . . shall be subject to arbitration . . . administered by [JAMS] in accordance with JAMS Comprehensive or Streamlined Arbitration Rules . . . . Each party acknowledges that by agreeing to this Section 13, all disputes will be decided by an arbitrator and not in a court or by a jury.

(Doc. 18-1 at 10.)

EverDriven asserts it recently discovered that Star Tech had contracted directly with three school districts that were EverDriven's end user customers and claims this constitutes a material breach of the Agreement. (Doc. 18-1 at 5 ¶ 11.) EverDriven notified Star Tech of the alleged breach via a letter from its counsel dated March 21, 2025. The letter set forth a demand for an accounting and preservation of documents related to the services Star Tech had provided to Balsz School District No. 31, Kyrene Elementary School District No. 28, and Washington Elementary School District No. 6, in violation of the Agreement's Non-Circumvention and Exclusivity clause. (*Id.* ¶ 12; *see also* Doc. 1-1). Star Tech alleges that the letter was also sent to these school districts, damaging Star Tech's reputation and causing it harm. (Doc. 1 at 4 ¶¶ 17-18.)

## II.     Procedural Background

On April 14, 2025, Star Tech filed this suit asserting claims for: (1) tortious interference with contract; (2) tortious interference with prospective economic advantage;

and (3) declaratory and injunctive relief. (Doc. 1.) On May 12, 2025, EverDriven filed a Motion to Compel Arbitration, (Doc. 13). Star Tech responded on June 9, 2025, (Doc. 22), and EverDriven replied on June 17, 2025, (Doc. 29).

On June 13, 2025, Star Tech filed an Application for Preliminary Injunction and Consolidated Trial. (Doc. 27.) The Court stayed further briefing on the Preliminary Injunction motion pending ruling on the Motion to Compel. (Doc. 28.)

### III.     Discussion

#### A.     Legal Standard

The Federal Arbitration Act ("FAA") governs agreements "evidencing a transaction involving commerce," and states that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the FAA requires it to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *See* 9 U.S.C. § 4; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

"The Court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "However, these gateway issues can be expressly delegated to the arbitrator where 'the parties *clearly and unmistakably* provide otherwise.'" *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019) ("The [FAA] allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as

underlying merits disputes."). Under such circumstances, "the only remaining question is whether the particular agreement *to delegate* arbitrability . . . is itself unconscionable," and courts only consider that question if the party opposing arbitration makes "arguments specific to the delegation provision" itself, and not generally as to the arbitration clause. *Brennan*, 796 F.3d at 1132–33 (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 71–74 (2010)).

### B.     Delegation of Arbitrability

In this case, the Agreement clearly and unmistakably delegates the question of arbitrability to an arbitrator. Subsection (a) of the Arbitration Clause states "[a]ny and all disputes, controversies or claims" between the parties are subject to arbitration, including disputes concerning "the enforceability of [the Arbitration Clause]." (Doc. 18-1 at 10.) The Arbitration Clause also states that the arbitration must be conducted pursuant to the "JAMS Comprehensive or Streamlined Arbitration Rules." (*Id.*) Both sets of rules use identical language stating that arbitrability disputes must be resolved by the arbitrator:

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

JAMS Comprehensive Arbitration Rules & Procedures, Rule 11(b), https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-11 [https://perma.cc/9K5X-J4MT]; JAMS Streamlined Arbitration Rules & Procedures , Rule 8(b), https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-8 [https://perma.cc/FB7P-376V]. "Incorporation of the JAMS arbitration rules by reference constitutes clear and unmistakable evidence that the parties agree to arbitrate arbitrability." *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024).

Star Tech does not dispute that the Arbitration Clause delegates the arbitrability question to the arbitrator, nor does it challenge the enforceability of that delegation. (Doc.

22.) Rather, it argues arbitration is inappropriate because it seeks injunctive remedies (which it argues an arbitrator cannot award), EverDriven waived and repudiated arbitration, and EverDriven failed to establish facts demonstrating arbitrability. (Doc. 22 at 1–2.) Because each of Star Tech's arguments challenge the *arbitrability* of this dispute—rather than the *delegation* of the arbitrability—those arguments must be resolved by an arbitrator. *See Henry Schein*, 586 F.3d at 71 ("When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract.").

### C.     Stay of Proceedings Pending Arbitration

If a court is satisfied that the issue before it is referable to arbitration and a party has requested a stay, the court must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see also Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."). This dispute is subject to arbitration—at least for the purposes of resolving the arbitrability question—and EverDriven has requested a stay, (Doc. 13 at 8–9). Accordingly, a stay is mandatory, and the Court will not address Star Tech's request for injunctive relief, (Doc. 27).[2]

### D.     Attorneys' Fees

EverDriven requests costs and attorneys' fees pursuant to Ariz. Rev. Stat. §§ 12-341 and 12-341.01 as the prevailing party for successfully compelling arbitration. (Doc. 29.) This request is premature because final judgment has not yet been entered. *See* Fed. R. Civ. P. 54(d)(2)(B); s*ee also Pebble Tech., Inc. v. E.L. Wagner Co.*, 2007 WL 4468715, at *1 (D. Ariz. 2007) (denying award of fees as premature after compelling arbitration and staying case). Accordingly, the request is denied without prejudice and the parties may seek costs and fees after entry of final judgment.

---

[2]     Contrary to Star Tech's assertion, (Doc. 26 at 6) in the event an arbitrator resolves the arbitrability question in EverDriven's favor, the arbitrator may award injunctive relief. *See* JAMS Comprehensive Rules, Rule 24(e); JAMS Streamlined Rules, Rule 19(d).

Accordingly,

**IT IS ORDERED** granting the Motion to Compel Arbitration, (Doc. 13).

**IT IS FURTHER ORDERED** staying this action pending the completion of the parties' arbitration.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report within one week of the arbitrator's decision or by **January 19, 2026**, whichever is sooner.

**IT IS FURTHER ORDERED** denying without prejudice EverDriven's request for costs and attorneys' fees.

Dated this 21st day of July, 2025.

_____
Honorable Sharad H. Desai
United States District Judge